Curia, per
O’Neall, J.
In this case, Porteus, the trustee, in whose place the plaintiff was appointed, was dead. Without deciding the ground, on which I think the case below was properly decided, that in no case a substituted trustee can sue upon ajudgment recovered by his predecessor, as assignee, it will be enough to say that the plaintiff’s appointment was not under the Act of 1796, and cannot derive any aid from, it. The preamble recites, “ Whereas, doubts exist whether the Court of Equity have *243 power to permit trustees to resign their trust, with the consent of the parties entitled to the use of the trust estate, and to substitute other persons to support the trusts.” For remedy of this evil, it was enacted that, “ in every -case of a trust estate, where the person or persons entitled to the use of any property or estate vested in trustees, being of age, or his, her or their guardian, if under age, may be willing to have other trustees substituted in the room of those in whom the legal estate is vested, or to have one or more trustees substituted in the room of any one or more of the first or former trustees, the Court of Equity shall be, and they are hereby, authorized to permit such one or more of the first or former trustees to surrender his, her or their trust, and to appoint such one or more trustees in his, her or their room,” «fee. It is plain that the plaintiff’s appointment does not come within this Act, and hence he can derive no aid from the generality of its provisions. His appointment in equity, as successor to Porteus, does not operate as a legal assignment of the judgment recovered by him.
The Act of 1816,6 Stat. at Large, 33, is that under which the assignee of a judgment may sue in his or her name; it provides, “ that from and after the passing of this Act, all assignees of judgm.ents and decrees of any court of law or equity, shall be, and they are hereby, authorized to bring suits thereupon, in their own names, styliju^themselves assignees, in the same manner, and subject same equities, as the assignees of bonds, bills, andTH^Hnot negotiable.” One to be entitled to the benefit ofTnis provision, must style himself assignee, and shew by the record that he is. Neither is done in this case, and the demurrer was properly sustained. The motion is dismissed.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.